*1077
 
 LATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Edmund Joseph Woods, II, an attorney licensed to practice law in Louisiana.
 

 UNDERLYING FACTS
 

 The underlying facts of this matter are not in dispute, having been stipulated to by the parties.
 

 In March 2004, Paulette Harrison hired respondent to handle a personal injury matter stemming from a fall Ms. Harrison suffered while a patient at Ochsner Hospital’s rehabilitation facility (“Ochsner”).
 
 [1]
 
 
 *1078
 
 Thereafter, respondent did not conduct an investigation of Ms. Harrison’s claims or review her medical records to identify, locate, and interview witnesses named and/or described by Ms. Harrison.
 

 In January 2005, respondent filed a lawsuit against Ochsner on Ms. Harrison’s behalf. Ochsner filed an exception of prematurity based on the fact that respondent had not first presented the claim to a medical review panel. Although aware of the related hearing, respondent was not present at the hearing and did not follow up to determine what had occurred at the hearing. In June 2005, the suit was dismissed phased on its premature filing. At this point, communication between respondent and Ms. Harrison broke down, despite Ms. Harrison’s numerous attempts to contact respondent. On the few occasions respondent talked to Ms. Harrison, he gave her misleading information about the work he was doing on her case. In actuality, he was not working on the matter and effectively abandoned his client.
 

 Respondent did not notify Ms. Harrison that her suit was dismissed because he did not learn of the dismissal until March 2008, after she filed a disciplinary complaint against him. Furthermore, even though respondent was not familiar with medical malpractice claims, he did not consult another attorney or refer Ms. Harrison to a more experienced attorney.
 

 DISCIPLINARY PROCEEDINGS
 

 In March 2009, the ODC filed one count of formal charges against respondent, alleging his conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a) (failure to provide competent representation to a client), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.16(a) (declining or terminating representation), 1.16(d) (obligations upon termination of the representation), 3.2 (failure to make reasonable efforts to expedite litigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice). Respondent answered the formal charges, indicating he was inexperienced in the practice of law at the time of the representation and had never handled a medical malpractice claim. He also stated, “For the most part I do not have any issue with the way the charges were presented by [the ODC].”
 

 |sFormal Hearing
 

 This matter proceeded to a formal hearing on the merits. During the hearing, respondent and the ODC filed a joint stipulation, wherein respondent stipulated to the factual allegations of the formal charges as set forth above, the alleged rule violations as set forth above, and the presence of certain aggravating and mitigating factors.
 

 Hearing Committee Report
 

 After considering the record and the evidence presented at the hearing, the hearing committee adopted the factual allegations of the formal charges, as stipulated to by respondent, as its factual findings. The committee also determined that the ODC’s exhibits support the factual findings. The committee then adopted the rule violations as alleged in the formal charges and as stipulated to by respondent.
 

 The committee further determined that respondent’s lack of competence, his knowing and/or intentional neglect of his client’s legal matter, and his abandonment of his
 
 *1079
 
 client’s lawsuit caused his client actual harm. After considering the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee determined the baseline sanction is suspension.
 

 In aggravation, the committee recognized respondent’s prior disciplinary offense from 2002, which was based on his lack of communication and dishonest conduct and which was resolved through the diversion program offered by the Louisiana State Bar Association (“LSBA”). As mitigating factors, the committee found the absence of a dishonest or selfish motive, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and remorse.
 

 After also considering this court’s prior jurisprudence involving similar misconduct, the committee recommended respondent be suspended from the practice 14of law for six months, with three months deferred, followed by one year of supervised probation with the condition that he successfully complete the LSBA’s Law Office Management Assistance Program and Ethics School.
 

 The ODC filed an objection to the hearing committee’s recommendation and suggested the proper sanction is a suspension from the practice of law for one year, with the requirement that respondent successfully complete the LSBA’s Law Office Management Assistance Program and Ethics School.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board determined the stipulated facts and exhibits support the hearing committee’s determination that respondent violated the Rules of Professional Conduct as charged.
 

 The board also determined respondent violated duties owed to his client, the legal system, and the legal profession. Respondent acted negligently when he accepted a legal matter for which he did not have adequate legal knowledge and skill. He acted knowingly when he neglected and abandoned the legal matter without properly terminating the representation, and he acted intentionally when he misrepresented to Ms. Harrison that he was diligently pursuing her legal matter. Respondent’s misconduct caused serious injury to Ms. Harrison by preventing her from having her legal issue properly adjudicated.
 

 In aggravation, the board found prior disciplinary offenses and a dishonest or selfish motive.
 
 [2]
 
 In mitigation, the board found full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, inexperience in the practice of law (admitted 2001), and remorse.
 

 | ¿Turning to the issue of an appropriate sanction, the board noted respondent has already attended Ethics School through the LSBA’s diversion program; thus, he has already had an opportunity to correct deficiencies within his practice. The board also emphasized respondent’s actions in misleading his client.
 

 Under these circumstances and after considering this court’s prior jurisprudence involving similar misconduct, the board recommended respondent be suspended from the practice of law for eighteen months, with six months deferred, followed by two years of probation, with the condition that he obtain assistance from the LSBA’s Law Office Management Assistance Program in developing sound law office management practices.
 

 
 *1080
 
 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings.
 
 See In re: Caulfield,
 
 96-1401 (La.11/25/96), 683 So.2d 714;
 
 In re: Pardue,
 
 93-2865 (La.3/11/94), 633 So.2d 150.
 

 In this matter, the parties stipulated that respondent agreed to handle a legal matter he was not competent to handle and, thus, failed to provide competent representation to a client. He also neglected the legal matter, failed to communicate [swith the client, and misled the client as to the status of the legal matter. The parties also stipulated that respondent violated the Rules of Professional Conduct as charged. The record supports these stipulations.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 We find respondent knowingly and intentionally violated duties owed to his client, the legal system, and the legal profession. He caused actual harm to his client. The baseline sanction for respondent’s misconduct is a suspension from the practice of law.
 

 The record supports the aggravating and mitigating factors found by the disciplinary board. Considering these factors, we find the sanction recommended by the board to be appropriate. While respondent was a fairly new practitioner at the time of the misconduct in this case, that does not excuse his repeated failures to communicate with his client, nor his choice to mislead her about the status of her legal matter.
 

 Under these circumstances, we will adopt the disciplinary board’s recommendation and suspend respondent from the practice of law for eighteen months, with six months deferred, followed by two years of probation, with the |7condition that respondent obtain assistance from the LSBA’s Law Office Management Assistance Program in developing sound law office management practices. Should respondent fail to comply with the conditions of probation, or should he commit any misconduct during the probationary period, the deferred suspension may be made executory, or additional discipline may be imposed, as appropriate.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Edmund Joseph Woods, II, Louisiana Bar Roll number 27334, be and he hereby is suspended from
 
 *1081
 
 the practice of law for eighteen months. Six months of this suspension shall be deferred, subject to respondent’s successful completion of a two-year period of unsupervised probation, with the condition that he obtain assistance from the Louisiana State Bar Association’s Law Office Management Assistance Program in developing sound law office management practices. The probationary period shall commence from the date respondent and the ODC execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . Apparently, respondent did not realize Ms. Harrison’s claim was based on medical malpractice.
 

 [2]
 

 . The board rejected the mitigating factor of absence of a dishonest or selfish motive as found by the hearing committee because it is incongruent with the finding that respondent engaged in conduct involving misrepresentation and dishonesty.