*161
 
 hATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 This disciplinary matter arises from formal charges filed by the Office of Dis
 
 *162
 
 ciplinary Counsel (“ODC”) against respondent, Shantel Comminie Octave, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.
 
 [1]
 

 UNDERLYING FACTS AND PROCEDURAL HISTORY
 

 In July 2008, the ODC filed formal charges against respondent in 08-DB-058. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.
 

 In August 2009, the ODC filed a second set of formal charges against respondent in 09-DB-051. Respondent answered the formal charges but neither admitted nor denied the alleged misconduct. However, she indicated her desire to “surrender her license to practice law in the State of Louisiana as a resolution to this |2matter.” The matter proceeded to a formal hearing on the merits, conducted by a separate hearing committee in November 2009.
 

 Thereafter, the two sets of formal charges were consolidated by order of the disciplinary board. The board subsequently filed in this court a single recommendation of discipline encompassing both sets of formal charges.
 

 08-DB-058
 

 The United States Bankruptcy Court for the Eastern District of Louisiana has sanctioned respondent numerous times for failing to appear for scheduled hearings:
 

 On May 16, 2006, respondent failed to appear at a hearing on the trustee’s motion to compel compliance, or alternatively, to dismiss case in the Green matter. The bankruptcy court ordered respondent to appear at a contempt of court hearing on July 11, 2006. Respondent failed to appear, and the bankruptcy court found her in contempt, sanctioning her $500.
 

 On May 30, 2006, respondent failed to appear at a hearing on the trustee’s motion to dismiss case in the Victor matter. The bankruptcy court ordered respondent to appear at a contempt of court hearing on June 27, 2006. Respondent failed to appear, and the bankruptcy court found her in contempt, sanctioning her $500. Respondent’s July 7, 2006 check in payment of the sanction was returned due to insufficient funds in her account.
 

 On July 18, 2006, respondent failed to appear at a hearing on the trustee’s motion to compel compliance, or alternatively, to dismiss case in the Kimble matter. The bankruptcy court ordered respondent to appear at a contempt of court hearing on August 1, 2006. Respondent failed to appear, and the bankruptcy court found her in contempt, sanctioning her $500.
 

 |sOn December 19, 2006, respondent failed to appear at a hearing on the trustee’s motion to dismiss case in the Markey matter. The bankruptcy court ordered respondent to appear at a contempt of court hearing on January 9, 2007. Respondent
 
 *163
 
 failed to appear, and the bankruptcy court found her in contempt, sanctioning her $1,000.
 

 On January 23, 2007, respondent failed to appear at a hearing on the issue of whether additional sanctions should be imposed for her contempt of the bankruptcy court. On October 18, 2007, the bankruptcy court entered an order to enforce the sanctions imposed above and to terminate respondent’s access to the court’s electronic filing system until she pays the sanctions. As of the date the ODC filed the formal charges against respondent, she had not paid the court-ordered sanctions.
 

 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
 

 Hearing Committee Report
 

 As previously indicated, respondent failed to file an answer to the formal charges in 08-DB-058, and consequently, the factual allegations contained therein were deemed admitted. After considering the ODC’s deemed admitted submission, the hearing committee made the following factual findings:
 

 In four separate bankruptcy cases, respondent failed to appear at a scheduled hearing, which resulted in each case being dismissed. In each case, the bankruptcy |4court scheduled a contempt hearing. When respondent again failed to appear, she was fined by the court. The court scheduled yet another hearing to determine if further sanctions should be considered. When respondent failed to appear for this hearing, the court ordered that she be barred from making any further electronic filings of bankruptcy petitions and pleadings until she paid the sanctions. As of the date of the committee’s report, respondent had not paid the court-ordered sanctions.
 

 Based on these facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges. Because respondent has made no effort to pay the sanctions, the committee determined the baseline sanction is suspension.
 

 In aggravation, the committee found bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency and indifference to paying the bankruptcy court sanctions. In mitigation, the committee found respondent had numerous personal or emotional problems: 1) she had to relocate her law practice after Hurricane Katrina flooded her office; 2) after she relocated her law practice, a fire destroyed her new office; and 3) the bankruptcy case dismissals and sanctions occurred while she was trying to raise young children and was pregnant and gave birth.
 

 Under these circumstances, the committee recommended respondent be suspended from the practice of law for one year and one day.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 09-DB-051
 

 Following a 2003 automobile accident, Marquita Morse hired respondent to handle her personal injury claim. Some time prior to April 14, 2005, respondent | .^settled Ms. Morse’s claim for an undis
 
 *164
 
 closed amount.
 
 [2]
 
 On December 22, 2005, respondent provided Ms. Morse with a letter containing a breakdown of the fees, costs, and expenses paid from Ms. Morse’s settlement. In the letter, respondent listed the following payments:
 
 [3]
 

 Respondent’s attorney’s fees $7,753.59
 

 Reimbursement to Ms. Morse’s previous attorney $5,283.00
 

 Renaissance Rehab $1,818.00
 

 Haydel Chiropractic $2,405.00
 

 Pain Specialty Center $1,428.00
 

 Southeast Neuroscience $1,350.00
 

 Court reporters $ 488.05
 

 Bank records indicated that respondent did, in fact, pay the Pain Specialty Center, Haydel Chiropractic, and the court reporters. Ms. Morse’s previous attorney also verified he received payment from respondent. However, Renaissance Rehab and Southeast Neuroscience both indicated they did not receive any payments from respondent on Ms. Morse’s behalf.
 
 [4]
 

 Furthermore, respondent failed to maintain a separate client trust account. Instead, she maintained a client expense account where she deposited client funds and personal funds. On several occasions, checks made payable to respondent’s husband were drawn on her client expense account. Other checks or withdrawals were made from the account to satisfy respondent’s personal obligations, such as payments to a childcare provider and En-tergy.
 

 |fiThe ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.15(a) (safekeeping property of clients or third persons) and 1.15(d) (failure to timely remit funds to a client or third person).
 

 Formal Hearing
 

 As previously indicated, respondent answered the formal charges in 09-DB-051, and the matter proceeded to a formal hearing on the merits. Just prior to the hearing, respondent wrote to the ODC and the hearing committee chair indicating the following:
 

 1. I am not contesting any action by the Louisiana Attorney Disciplinary Board and/or Louisiana Supreme Court;
 

 2. I will consent to any punishment imposed in this matter, including the surrender of my license to practice law in the State of Louisiana; and
 

 3. I waive all delays and proceedings in this matter, and desire an immediate conclusion.
 

 Accordingly, respondent did not appear at the hearing and was not represented by counsel. The ODC introduced documentary evidence but called no witnesses to testify before the committee.
 

 Heaving Committee Report
 

 After considering the evidence presented at the hearing, the hearing committee determined that respondent did not pay at least two of Ms. Morse’s medical providers. Respondent’s omission has caused harm to Ms. Morse because at least one of the medical providers has instituted collection procedures against her. Respondent also did not have a proper client trust
 
 *165
 
 account and, in fact, commingled her personal funds with those of her clients, Based on these facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.
 

 |7The committee further determined respondent violated duties owed to her client. Her failure to pay two of Ms. Morse’s medical providers was most likely negligent. However, her failure to maintain a proper client trust account and her commingling of personal and client funds were both knowing. After considering the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee determined the baseline sanction is suspension. In aggravation, the committee found vulnerability of the victim. In mitigation, the committee recognized respondent’s personal or emotional problems.
 

 After also considering this court’s prior jurisprudence involving similar misconduct, the committee recommended respondent be suspended from the practice of law for six months. The committee also recommended respondent be ordered to pay restitution of any money Ms. Morse had to pay to any third-party medical provider in this matter.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 Disciplinary Board Recommendation 08-DB-058 & 09-DB-051
 

 After reviewing these consolidated matters, the disciplinary board determined the hearing committee’s factual findings in the first set of formal charges are supported by the factual allegations in the formal charges, which were deemed admitted, and/or by the evidence submitted in support of the allegations. Based on these facts, the board found respondent violated the Rules of Professional Conduct as alleged in the formal charges. In the Morse matter, the board determined the ^committee’s factual findings do not appear to be manifestly erroneous. The board also found the committee correctly applied the Rules of Professional Conduct.
 

 The board further determined respondent violated duties owed to her clients and the legal system. Respondent’s failure to remit the settlement funds to Ms. Morse’s medical providers was most likely negligent. Her failure to maintain a client trust account and failure to comply with the bankruptcy court’s orders were knowing, if not intentional. Respondent’s conduct harmed Ms. Morse by subjecting her to the collection process in order to satisfy her debt to her medical provider. Respondent also harmed Ms. Morse’s medical providers by failing to disburse their share of the settlement funds. Finally, respondent harmed her bankruptcy clients and the bankruptcy court. After reviewing the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined the baseline sanction is suspension.
 

 The board found the following aggravating factors present: a pattern of misconduct, multiple offenses, vulnerability of the victims, and indifference to making restitution. In mitigation, the board found the following: absence of a prior disciplinary record and personal or emotional problems.
 

 Turning to the issue of an appropriate sanction, the board determined the misconduct in the first set of formal charges warrants at least a one-year suspension given the case law involving similar misconduct. In the Morse matter, the board determined case law establishes that at least a one year and one day suspension is warranted.
 

 Noting that respondent has not participated in these proceedings, has not made restitution, and has not complied with the
 
 *166
 
 bankruptcy court’s orders, the board recommended respondent be suspended from the practice of law for two years. The | ¡¡board also recommended respondent be ordered to pay restitution to the bankruptcy court, Renaissance Rehab, and Southeast Neuroscience.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings.
 
 See In re: Caulfield,
 
 96-1401 (La.11/25/96), 683 So.2d 714;
 
 In re: Pardue,
 
 93-2865 (La.3/11/94), 633 So.2d 150.
 

 The record of this consolidated matter reveals that respondent neglected bankruptcy cases, failed to comply with several bankruptcy court orders, failed to maintain a proper client trust account, commingled her personal funds with client funds, and failed to remit funds owed to third-party medical providers. Based on these facts, respondent has violated the Rules of Professional Conduct as alleged in both sets of formal charges.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and | indeter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 Respondent violated duties owed to her clients, the public, and the legal system. We agree with the disciplinary board that her failure to remit the settlement funds to Ms. Morse’s medical providers was negligent. We also agree with the board that her failure to maintain a client trust account and failure to comply with the bankruptcy court’s orders were knowing, if not intentional. Respondent’s conduct harmed her clients, Ms. Morse’s medical providers, and the legal system. The baseline sanction for respondent’s misconduct is suspension.
 

 We agree with the aggravating and mitigating factors found by the board. In addition, we find the mitigating factor of imposition of other penalties or sanctions is present.
 

 Turning to the issue of an appropriate sanction, case law suggests the two-year suspension recommended by the board is not unduly harsh for respondent’s collective misconduct. In light of this jurisprudence, and considering respondent’s continued failure to pay the sanctions imposed by the bankruptcy court and her failure to pay restitution to Ms. Morse’s medical providers, we will adopt the disciplinary board’s recommendation and suspend respondent from the practice of law for two years. We will further order respondent to pay restitution to Ms. Morse’s medical
 
 *167
 
 providers and pay the sanctions imposed by the bankruptcy court.
 

 InDECREE
 

 Upon review of the findings and recommendations of the hearing committees and disciplinary board, and considering the record, it is ordered that Shantel Commi-nie Octave, Louisiana Bar Roll number 27201, be and she hereby is suspended from the practice of law for two years. It is further ordered that respondent pay restitution to Renaissance Rehab and Southeast Neuroscience and pay the sanctions imposed by the United States Bankruptcy Court for the Eastern District of Louisiana. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . Respondent has been ineligible to practice law since October 1, 2008 for failing to pay her bar dues and the disciplinary assessment. She is also ineligible to practice law for failing to comply with mandatory continuing legal education requirements and failing to file her trust account disclosure statement.
 

 [2]
 

 . Respondent was unable to provide copies of any documents related to her representation of Ms. Morse because her office flooded in August 2005 following Hurricane Katrina, and her new office was destroyed by a fire in 2007. She also had no clear recollection of her handling of Ms. Morse's matter.
 

 [3]
 

 . Respondent also informed Ms. Morse that "all settlement funds have been expended, and in fact, have been over-expended by $25.64. Unfortunately, there are no remaining funds to be disbursed to you."
 

 [4]
 

 .In her disciplinary complaint, Ms. Morse indicated that Renaissance Rehab forwarded her outstanding bill to a collection agency, who contacted her for payment.