633 So.2d 150 (1994)
In re Hobart O. PARDUE.
No. 93-B-2865.
Supreme Court of Louisiana.
March 11, 1994.
T. Haller Jackson, III, Shreveport, G. Fred Ours, John T. Seale, New Orleans, for applicant.
Hobart O. Pardue, Basile J. Uddo, New Orleans, for respondent.

DISCIPLINARY PROCEEDINGS
PER CURIAM[*].
The formal charges alleged (1) that respondent, Hobart O. Pardue, permitted a client's tort claim to prescribe by failing to achieve timely filing of the petition; (2) that he concealed this fact from the client; and (3) that upon her discovery of the dismissal he offered to settle her malpractice claim without advising her to obtain independent representation. The Hearing Committee found that only the concealment charge was proven; its members, however, failed to agree on an appropriate sanction. The Disciplinary Board upheld the Hearing Committee's finding of fact and recommended a six months suspension, with one member finding the penalty too lenient and another member considering it too severe. Both respondent and Disciplinary Counsel timely objected to the Board's report and recommendation.
The record reflects that respondent was retained to represent a client in a personal injury matter shortly after the accident date. Three days before the anniversary date of the accident, respondent mailed a petition to the clerk of court, but the clerk of court did not receive the petition until four days later. As a result of this untimely filing, prescription ran on the client's personal injury claim.
The evidence is in sharp dispute as to when the client learned that the suit was not timely filed and the claim prescribed. Respondent's version is that he told her about nine months later when he was still actively pursuing the claim and received a settlement offer from the insurance company. He alleges that he advised her the claim had prescribed at the same time he advised her of the settlement offer, which he recommended that she accept, but which she refused. The client's version is that she did not learn of the situation until almost two years later when she called the courthouse and was advised of the facts by a clerk.
Neither respondent nor the client testified in person before the Hearing Committee. The Hearing Committee considered the testimony of other witnesses, the transcript *151 of the prior investigatory hearing, the transcript of the client's malpractice trial against respondent, and the record of both those proceedings which included various affidavits. Although stating that it was almost impossible to determine the true facts from the record before it, the Hearing Committee accepted the client's version as correct. Under these circumstances, the facts found by the Hearing Committee were not supported by clear and convincing evidence, the standard of proof required under Rule XIX, Section 18(C). To this extent, the Hearing Committee erred and the Board erred in accepting the Hearing Committee's findings as not being manifestly erroneous.
Nevertheless, even under respondent's version, failure for a period of several months to disclose the fact that the suit was not timely filed constituted a violation of former Code of Professional Responsibility DR 1-102(A)(4), and current Rules of Professional Conduct 1.4 and 8.4(c), warranting discipline.
Considering the mitigating factors recognized by the Hearing Committee and the Disciplinary Board, one of which was the extended delay in concluding this disciplinary proceeding involving conduct which occurred more than nine years ago, we determine that the appropriate sanction is a reprimand.

DECREE
Accordingly, it is ordered that respondent be and he is hereby reprimanded. All costs of the proceeding are assessed to the respondent.
REPRIMAND ORDERED.
NOTES
[*] KIMBALL, J., not on panel. Rule IV, Part II, § 3. Chief Judge CHARLES A. MARVIN of the Court of Appeal, Second Circuit, sitting for DENNIS, J.