ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Broderick DeJean, an attorney licensed to practice law in Louisiana but currently on interim suspension.[1]
UNDERLYING FACTS
The underlying facts of this matter are not in dispute, having been stipulated to by the parties.

*1066
Count I

In August 2000, the Ortego Chiropractic Clinic filed a disciplinary complaint against respondent, alleging that he settled claims for two of its patients in June 1998 but failed to remit payment of its medical bills. In response to the complaint, respondent admitted this and other misconduct. Specifically, respondent reported that he converted approximately $148,000 in client and third-party funds between 1998 and 2001.[2] He settled claims and kept the funds for his own use without the knowledge or consent of his clients or the third parties to whom the funds were owed. Additionally, respondent self-reported that he neglected the legal matters of three clients, allowing those cases to be abandoned.
| .¡Thereafter, respondent stipulated that his conduct in this matter violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.15(a) (safekeeping property of clients or third persons), and 1.15(b) (failure to promptly deliver funds to a client or third person) of the Rules of Professional Conduct.

Count II

In March 2000, Molly Davis retained respondent to handle a workers’ compensation claim. The claim was settled in May 2000. In disbursing the settlement funds, respondent withheld $1,500 to repay unearned benefits to the workers’ compensation insurer. Respondent did not pay the funds to the insurer as promised, nor did he remit the $1,500 to his client. In September 2001, the insurer had Ms. Davis arrested and charged with theft of the unearned benefits. Three months later, respondent attempted to reimburse Ms. Davis $1,225.99 of the $1,500 he had withheld to repay the unearned benefits. Pursuant to her attorney’s advice, Ms. Davis did not accept this payment.
In September 2002, Ms. Davis, through her attorney, filed a disciplinary complaint against respondent, alleging that he mishandled her settlement funds, which resulted in her arrest. Respondent failed to respond to the complaint, necessitating the issuance of a subpoena. Respondent failed to appear in response to the subpoena. In February 2003, the Louisiana State Bar Association’s Client Assistance Fund paid Ms. Davis $1,500 for her claim against respondent.
Respondent stipulated that his conduct in this matter violated Rules 1.15(a), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(c) (engaging in | ^conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.

Count III

In 1999, Timothy Hale retained respondent to handle a personal injury matter. In August 2000, the matter was settled for $10,000. With Mr. Hale’s permission, respondent endorsed the settlement check and negotiated it. However, respondent failed to disburse any funds to his client or his client’s medical provider.
Respondent stipulated that his conduct in this matter violated Rules 1.15(a), 1.15(b), and 8.4(c) of the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
Respondent was served with the formal charges and answered with a general denial. As such, the hearing committee con *1067 ducted a formal hearing. During the hearing, respondent verbally stipulated to the above facts and rule violations and the ODC introduced documentary evidence in support of the formal charges. Thereafter, a second hearing was held for the sole purpose of presenting mitigating evidence. Respondent introduced documentary evidence consisting of character letters from his psychologist, doctors, colleagues, and friends in lieu of their live testimony. Respondent and his treating physician testified in person before the committee.

Hearing Committee Recommendation

Based on respondent’s stipulations and the documentary evidence presented at the hearings, the hearing committee determined that respondent violated the Rules of Professional Conduct as stipulated to by the parties. The baseline sanction for | respondent’s misconduct is disbarment. The aggravating factors found by the committee include respondent’s dishonest or selfish motive, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law (admitted 1977). The mitigating factors present are absence of a prior disciplinary record, character or reputation, personal and emotional problems, and remorse.
Considering all the circumstances, the committee recommended that respondent be disbarred.
The ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board adopted the hearing committee’s findings and determined that respondent violated the Rules of Professional Conduct as stipulated to by the parties. The board further found that respondent knowingly, if not intentionally, violated duties owed to his clients and as a professional. His misconduct caused serious harm to his clients and third-party medical providers by depriving them of their rightful funds for an extended period of time. Furthermore, Ms. Davis went through the ordeal of being arrested. Respondent also harmed the profession by failing to cooperate with the ODC in its investigation, unjustly causing delays and imposing an additional burden on the disciplinary system.
Based on the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that disbarment is the baseline sanction. The board also adopted the aggravating and mitigating factors found by the committee. In determining an appropriate sanction for respondent’s misconduct, the board looked to prior jurisprudence involving similar conversion of client funds and found that this court has often imposed disbarment for such misconduct.
|fiBased on this reasoning, the board recommended that respondent be disbarred, retroactive to July 9, 2002, the date of his interim suspension. The board also recommended that respondent be required to make restitution to his victims and be assessed with all costs and expenses of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343, 348; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444, 445 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing commit *1068 tee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
Based on the stipulations of fact by the parties and other evidence in the record, we find respondent neglected client matters and converted client and third-party funds. Additionally, respondent failed to cooperate with the ODC in its investigation and failed to appear in response to a subpoena. The clear and convincing evidence in the record establishes that respondent violated Rules 1.3, 1.15(a), 1.15(b), 8.1(c), 8.4(c), and 8.4(g) of the Rules of Professional Conduct.
| fiHaving found professional misconduct, we now turn to a discussion of an appropriate sanction. In considering that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s actions, particularly his conversion of a substantial amount of client funds, is serious misconduct. He caused actual harm to his clients and third parties. In one instance, respondent’s failure to remit settlement funds to a third party caused his client to be arrested. His failure to cooperate in the investigation of his misconduct needlessly taxed the limited resources of the disciplinary system. The baseline sanction for respondent’s misconduct is disbarment. See Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986).
As mitigating factors, we recognize the absence of a prior disciplinary record, character or reputation, personal and emotional problems, and remorse. However, these mitigating factors are counterbalanced by significant aggravating factors: dishonest or selfish motive, a pattern of misconduct, multiple offenses, and substantial experience in the practice of law.
Considering the record as a whole, we see no reason to deviate from the baseline sanction of disbarment. Accordingly, we will accept the disciplinary board’s recommendation and disbar respondent.
^DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Broderick DeJean, Louisiana Bar Roll number 4813, be and he hereby is disbarred. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked, retroactive to his July 9, 2002 interim suspension. Respondent is ordered to make restitution to his victims and to repay to the Louisiana State Bar Association’s Client Assistance Fund any amounts paid to claimants on his behalf. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. In re: DeJean, 02-1806 (La.7/9/02), 821 So.2d 1293 (date corrected).

. As of the date of the formal hearing in this matter, respondent had repaid all but $58,000 in restitution.