*957 I, ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Samuel M. Yonter, an attorney licensed to practice law in Louisiana, but currently ineligible to practice.[1]
UNDERLYING FACTS
Kathleen Earles and her son, Jerry Rock, III, retained an attorney to represent them in a civil suit against First Lake Properties. After the suit was filed, the plaintiffs’ attorney withdrew from the representation and filed a petition of intervention for her fees and costs. In September 1998, respondent enrolled as the plaintiffs’ counsel of record. In April 1999, respondent settled the civil case for a total of $35,000. The plaintiffs’ prior counsel endorsed the settlement checks with the understanding that respondent would deposit the sum of $20,742 (the amount of funds in dispute) into the registry of the court pending resolution of the intervention. Notwithstanding his commitment to deposit the disputed funds into the registry of the court, respondent instead deposited the disputed funds into his client trust account. Thereafter, the balance of respondent’s trust account frequently dropped below the |2amount of the disputed funds. In May 1999, the trial court granted a motion to dismiss the civil suit with prejudice as between the plaintiffs and First Lake Properties.
On February 24, 2000, acting on the request of the plaintiffs’ former counsel, the trial court held respondent in contempt of court,[2] ordered him to deposit $20,742 into the registry of the court, and ordered him to pay counsel $1,500 in attorney’s fees. The trial court also ordered that the matter be referred to the ODC. Respondent deposited $20,742 into the court registry on March 2, 2000 and paid $1,500 in attorney’s fees to counsel the following day. Shortly thereafter, the intervention was settled and the entirety of the sum in the registry of the court was paid to the plaintiffs’ former counsel. In connection with the settlement, respondent also paid counsel $621.50 in costs.
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed two counts of formal charges against respon *958 dent, alleging that his conduct violated Rules 1.15(a)(b)(c) (safekeeping property of clients or third persons), 3.2 (failure to make reasonable efforts to expedite litigation), 3.3(a) (candor toward the tribunal), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.3(a) (failure to report professional misconduct), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in 1 sconduct prejudicial to the administration of justice) of the Rules of Professional Conduct. Respondent was served with the formal charges via certified mail.
Respondent answered the formal charges and acknowledged that he erred in not depositing the disputed funds into the registry of the court after he told his clients’ former counsel that he would do so. However, respondent stated that he was merely complying with the directives of his clients, who had asserted that some of the attorney’s fees and costs claimed by counsel in the intervention were not related to the settled ease. Respondent also pointed out that upon the trial court’s order, he immediately deposited the disputed funds into the registry of the court and paid counsel’s court costs and fees. Finally, concerning the motion to dismiss filed in the civil suit, respondent indicated that the motion, which was prepared and filed by defense counsel, clearly made no attempt to dismiss the pending intervention claim.

Hearing Committee Recommendation

This matter proceeded to a formal hearing on the merits. Despite notice, respondent did not appear at the hearing. After considering the documentary evidence and the testimony of respondent’s clients’ former counsel, the hearing committee found that in April 1999, respondent misrepresented to counsel that he was depositing the disputed funds into the registry of the court. The committee also found that in allowing the civil suit to be dismissed despite the pending intervention, respondent misrepresented to the court that the intervention had been satisfied. Furthermore, the committee determined that during the period of time respondent held the disputed funds in his trust account (from April 1999 to March 2000, when he deposited the funds into the registry of the court), the balance of the trust account regularly dipped below the amount in question.
14Based on these factual findings, the committee determined that respondent violated Rules 1.15(a), 3.3(a), 3.4(c), 8.4(a), and 8.4(c) of the Rules of Professional Conduct. Considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee concluded the baseline sanction for respondent’s misconduct is disbarment.
In mitigation, the committee recognized that respondent has no prior disciplinary record. As aggravating factors, the committee noted that respondent initially cooperated in the disciplinary process but thereafter failed to do so. The committee also observed that respondent was ineligible to practice law for failing to comply with his professional obligations. Finally, the committee found that respondent had a dishonest or selfish motive and that he did not make restitution until ordered to do so by the trial court.
In determining an appropriate sanction, the committee looked to Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986), which sets forth general guidelines for evaluating disciplinary cases involving conversion and commingling of funds entrusted to a lawyer. The committee acknowledged that this matter does not involve a direct loss to the client as occurred in Hinrichs. However, it observed that there was a possibility that respondent’s clients could have been held liable for the *959 costs and fees due to their first attorney had the intervention not ultimately been satisfied. The committee also determined that respondent made misrepresentations to the court and to counsel about the clients’ money. Under all the circumstances, the committee recommended that respondent be disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

IsDisciplinary Board Recommendation

After reviewing the record, the disciplinary board adopted the hearing committee’s factual findings and determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges, with the exception of the failure to cooperate charge, as to which there was no clear and convincing evidence. The board determined that the baseline sanction for respondent’s misconduct is suspension or disbarment according to the ABA’s Standards for Imposing Lawyer Sanctions.
The board found the sole aggravating factor in this case is respondent’s dishonest or selfish motive. As mitigating factors, the board recognized the absence of a prior disciplinary record and the imposition of other penalties or sanctions.
Considering respondent’s misconduct and his failure to cooperate in the underlying disciplinary hearing, the board recommended that respondent be disbarred.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation, but on our own motion, we ordered the parties to submit briefs addressing the issue of an appropriate sanction. Both respondent and the ODC filed briefs in response to the order.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard [ fiis applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The record supports the finding that in April 1999, respondent deposited into his client trust account funds in which a third person claimed an interest. Pursuant to respondent’s agreement with his clients’ former counsel, these funds should have been deposited into the registry of the court. However, respondent did not deposit the funds into the registry of the court until March 2000 and only after the trial court ordered him to do so. During the period of time respondent held the disputed funds, the balance of his trust account frequently dropped below the amount in question. We find respondent’s conduct falls below the high standard of care this court requires of attorneys who have control over funds belonging to others.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved *960 considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
By failing to abide by his agreement to place the disputed funds into the registry of the court, respondent caused his clients’ former, counsel to incur the expense and delay of seeking a court order to this effect. However, any harm in this regard was mitigated by the fact that the trial court ordered respondent to pay counsel’s attorney’s fees in connection with obtaining the order. It is also noteworthy 17that the intervention was ultimately settled to the former counsel’s satisfaction and she obtained ah fees owed to her.
In further mitigation, we find respondent’s actions were not the product of a dishonest or selfish motive, but stemmed from his belief that he was acting in his clients’ best interest.[3] We also find it significant that respondent has no prior disciplinary record during his fifteen-year legal career.
Under the unique facts of this case, we conclude the appropriate sanction for respondent’s misconduct is a suspension from the practice of law for a period of one year and one day, which will necessitate that he make a formal application for reinstatement.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the briefs filed by the parties, it is ordered that Samuel M. Yonter, Louisiana Bar Roll number 20431, be suspended from the practice of law for a period of one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Johnson, J., recused.

. Respondent has been ineligible to practice law in this state since September 4, 2003 for failing to pay his bar dues and the disciplinary assessment. In a brief filed in this court, respondent represents that he has lived in Missouri since 2001 and that he has no intention of returning to Louisiana.

. At the contempt hearing, the trial judge explained that she would not have dismissed the civil suit had she known that the intervention was still pending.

. We emphasize that respondent's belief that he was acting in his clients' best interest in no way excuses his misconduct, but may serve to illuminate his motives for purposes of mitigation.