PER CURIAM.
 

 | ¶ This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Frank E. Brown, Jr., an attorney licensed to practice law in Louisiana.
 

 UNDERLYING FACTS
 

 By way of background, on October 30, 1998, Wiley Williams, Sr. executed a will leaving all of his property to his three adult children (hereinafter referred to as the “1998 will”). Thereafter, Mr. Williams married Althrial Nelson Williams.
 

 In June 2005, Mr. Williams, who suffered from a long-term illness, requested that respondent draft a will leaving most of his property to Althrial instead of his children. On June 7, 2005, Mr. Williams purportedly executed the new will (hereinafter referred to as the “2005 will”), and respondent notarized same. Mr. Williams died on June 14, 2005.
 

 Following Mr. Williams’ death, attorney Wayne Webb, who represented Mr. Williams’ children, submitted the 1998 will for probate. On behalf of Althrial, respondent filed an opposition to the probate of the 1998 will and submitted the 2005 will
 
 *1025
 
 for probate. Robert Foley, a handwriting expert, subsequently examined the 2005 will and determined Mr. Williams’ signature was a forgery. After Mr. ^Williams’ children and wife compromised on the division of the succession properties, respondent withdrew the 2005 will, and the 1998 will was probated.
 

 In January 2006, Mr. Williams’ daughter filed a disciplinary complaint against respondent, alleging he knew the 2005 will was a forgery when he submitted it to the court in opposition to the 1998 will. During a June 23, 2006 sworn statement, respondent admitted to the ODC that he did not know if Mr. Williams had actually executed the 2005 will, despite the fact that he notarized Mr. Williams’ purported signature. According to respondent, Mr. Williams came into his office with two witnesses and appeared to sign the will in his presence, but he could not actually see Mr. Williams sign because cataracts in both eyes impaired his vision.
 

 DISCIPLINARY PROCEEDINGS
 

 In December 2009, the ODC filed formal charges against respondent, alleging he violated the following provisions of the Rules of Professional Conduct: Rules 3.3(a)(3) (a lawyer shall not knowingly offer evidence that the lawyer knows to be false) and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). Respondent answered the formal charges, denying any misconduct. This matter then proceeded to a formal hearing on the merits.
 

 Hearing Committee Report
 

 After considering the testimony and evidence presented at the hearing, the hearing committee made the following factual findings:
 

 Mr. Foley, the handwriting expert, was very credible, and Mr. Williams’ signature on the 2005 will was a forgery. However, there was no evidence of a conspiracy between respondent and his client (Althrial) to present false evidence to | sthe court, as was asserted in the complaint filed against respondent by Mr. Williams’ daughter, nor did the ODC prove that respondent’s acts were intentional. Rather, in notarizing the will, respondent falsely attested that he had witnessed the signatures of Mr. Williams and the witnesses, and with that knowledge, he submitted the will for probate. This conduct by respondent was knowing.
 

 Based on these facts, the committee determined respondent violated Rules 3.3 and 8.4 of the Rules of Professional Conduct. After considering the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee determined the baseline sanction is suspension.
 

 Considering the circumstances, the committee recommended that respondent be suspended from the practice of law for one year, with all but three months deferred, followed by three years of probation.
 
 [1]
 
 The committee further recommended respondent attend the Louisiana State Bar Association’s Ethics School prior to seeking reinstatement.
 

 Both respondent and the ODC objected to the hearing committee’s report and recommendation.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board accepted the hearing committee’s credibility determination regarding Mr. Foley and adopted the committee’s factual finding that Mr. Williams’ purported signature on
 
 *1026
 
 the 2005 will was a forgery. The board also agreed there was no evidence of a conspiracy between respondent and his client. The board concluded that the only proven misconduct was respondent’s |4failure to follow appropriate protocols when notarizing the 2005 will and his subsequent submission of the will to a court.
 

 Based on these facts, the board concurred in the committee’s determination of rule violations. Specifically, the board agreed with the committee that respondent violated Rules 3.3(a)(1) and 8.4(c) of the Rules of Professional Conduct by submitting the 2005 will to the court despite knowing it contained the false attestation that he witnessed the signatures of Mr. Williams and the witnesses.
 

 The board further determined respondent knowingly violated duties owed to the legal system and the legal profession. He caused actual harm to Mr. Williams’ children by improperly clouding the validity of the 1998 will, an issue that required additional time to resolve. After considering the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined the baseline sanction is suspension.
 

 In aggravation, the board found prior disciplinary offenses (a private reprimand in 1989 and in 1990) and substantial experience in the practice of law (admitted 1974). In mitigation, the board found respondent’s prior discipline was remote in time.
 

 Considering the prior cases involving misconduct similar to respondent’s, the board recommended respondent be suspended from the practice of law for six months, fully deferred, subject to two years of probation with the condition that he successfully complete the Louisiana State Bar Association’s Ethics School.
 

 The ODC filed an objection to the sanction recommended by the disciplinary board.
 
 [2]
 
 Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
 

 J^DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings.
 
 See In re: Caulfield,
 
 96-1401 (La.11/25/96), 683 So.2d 714;
 
 In re: Pardue,
 
 93-2865 (La.3/11/94), 633 So.2d 150.
 

 The record of this matter supports the hearing committee’s factual findings. Essentially, the record indicates respondent notarized the signatures of Mr. Williams and two witnesses on Mr. Williams’ 2005 will. However, at the time the will was confected, respondent’s vision was impaired due to cataracts, and he admitted that he could not actually see Mr. Williams and the witnesses sign their names. Therefore, he improperly notarized the will. After Mr. Williams passed
 
 *1027
 
 away, respondent submitted the 2005 will to the court for probate, knowing he improperly notarized same. Based on these facts, respondent violated Rules 3.3(a)(3) and 8.4(c) of the Rules of Professional Conduct.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and | ^mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 By knowingly submitting an improperly notarized will for probate, respondent violated duties owed to the legal system and the legal profession. His conduct caused harm by unnecessarily delaying the resolution of Mr. Williams’ succession. Mr. Williams’ children were required to obtain the services of a handwriting expert to challenge the 2005 will, which was determined to be a forgery. Suspension is the baseline sanction for this type of knowing misconduct.
 

 Considering the totality of the circumstances, including the actual harm caused by respondent’s conduct, we conclude the appropriate sanction in this case is a one-year suspension, with all but three months deferred. Upon completion of the active portion of his suspension, respondent shall be placed on unsupervised probation for a period of two years subject to the condition that he successfully complete the Louisiana State Bar Association’s Ethics School program.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Frank E. Brown, Jr., Louisiana Bar Roll number 3555, be and he hereby is suspended from the practice of law for one year. It is further ordered that all but three months of this suspension shall be deferred. Upon completion of the active portion of his suspension, respondent shall be placed on unsupervised probation for a period of two years subject to the condition that he successfully complete the Louisiana State Bar Association’s Ethics School program. The probationary period shall commence from the date respondent and the ODC execute a formal probation |7plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 [1]
 

 . Supreme Court Rule XIX, § 10(A)(3) provides that the court may not impose probation in excess of two years.
 

 [2]
 

 . Although respondent did not file an objection to the disciplinary board’s recommendation, in his brief to this court, he requested that the costs be waived or equally shared between the parties because he is unable to financially bear the entire costs of these proceedings. In this regard, respondent should follow the procedures for objecting to costs as set forth in Supreme Court Rule XIX, Appendix A, Rule 7(i), once this court’s order imposing discipline is final.