ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Joan S. Benge, an attorney licensed to practice law in Louisiana but currently on interim suspension based upon a joint motion of the parties filed in February 2010. In re: Benge, 10-0262 (La.2/10/10), 27 So.3d 272.
UNDERLYING FACTS
On May 31, 2001, respondent assumed the office of district judge for Division “A” of the 24th Judicial District Court for the Parish of Jefferson. While serving as judge, respondent conducted a bench trial in a civil case and awarded damages to the plaintiff. However, her award was not based upon the evidence presented at the trial of the matter, but rather, was influenced by her relationship with and bias and partiality for other individuals. On November 6, 2009, we removed respondent from judicial office for her willful misconduct, which “undermine[d] the integrity of the judiciary by showing her inability to remain impartial.” In re: Benge, 09-1617 (La.11/6/09), 24 So.3d 822. We expressly reserved to the ODC the right to institute lawyer disciplinary proceedings against respondent in accordance with Supreme Court Rule XIX, § 6(B).
| ¡DISCIPLINARY PROCEEDINGS
In June 2010, the ODC filed formal charges against respondent, alleging that her misconduct as a sitting judge violated the following provisions of the Rules of Professional Conduct: Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice). Respondent answered the formal charges and denied any misconduct.
This matter proceeded to a formal hearing on the merits, conducted by the hear *820 ing committee in July 2011. The ODC introduced documentary evidence at the hearing, including the entire record of respondent’s judicial discipline proceeding, but did not call any witnesses to testify before the committee. Respondent also introduced documentary evidence, including copies of various awards she won as both an attorney and as a judge. Additionally, she called several witnesses, including character witnesses, to testify before the committee. Finally, respondent testified on her own behalf and on cross-examination by the ODC.

Hearing Committee Report

After considering the testimony and evidence presented at the hearing, the hearing committee determined that respondent improperly adjudicated a case by allowing herself to be influenced by factors not in evidence in the record of the case. This conduct violated the Rules of Professional Conduct as charged in the formal charges.
The committee determined that the applicable baseline sanction in this matter is disbarment. The committee found no aggravating factors present, and in mitigation, found that the character witnesses all gave uncontradieted and credible [otestimony about respondent’s personal generosity and community involvement as a citizen and her competence and integrity as a judge and an assistant district attorney. The committee also noted that respondent has no prior disciplinary record as an attorney and that other sanctions have been imposed upon her in connection with her misconduct.
Based on these findings, the committee recommended that respondent be suspended from the practice of law for eighteen months, retroactive to the date of her interim suspension. One committee member dissented and would recommend a lengthier suspension.
Both respondent and the ODC filed objections to the hearing committee’s report and recommendation.

Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee’s factual findings are not manifestly erroneous and, thus, adopted same. The board also agreed that the committee correctly applied the Rules of Professional Conduct.
The board determined that respondent intentionally violated duties owed to the public and the legal profession. Her misconduct caused actual injury in that she did not impartially uphold the law. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the applicable baseline sanction is disbarment.
In aggravation, the board found a dishonest or selfish motive and substantial experience in the practice of law (admitted 1991). The board adopted the mitigating factors found by the committee and additionally found the mitigating factor of a cooperative attitude toward the proceedings.
Considering the prior jurisprudence of this court, the board concluded that the sanction recommended by the committee is too lenient. Accordingly, the board |4recommended that respondent be disbarred. Two board members dissented and would recommend permanent disbarment.
Both respondent and the ODC filed objections to the disciplinary board’s recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Conse *821 quently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
In November 2009, when we addressed respondent’s judicial misconduct, we concluded that she decided a case pending before her solely for personal reasons. Consequently, we removed her from judicial office and reserved the ODC’s right to institute lawyer disciplinary proceedings. The ODC subsequently filed formal charges against respondent based upon her judicial misconduct. Both the hearing committee and the disciplinary board determined that respondent’s judicial misconduct was also a violation of the Rules of Professional Conduct as alleged in the formal charges, and the record of this matter supports such a finding. Accordingly, the sole issue presented for our consideration is the appropriate sanction for respondent’s ethical misconduct.
|5We are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
In this case, the baseline sanction for respondent’s misconduct is clearly disbarment. There are some aggravating factors present, as noted by the disciplinary board, but in our view the significant mitigating factors present warrant a downward deviation from the baseline sanction. These factors include the absence of a prior disciplinary record, a cooperative attitude toward the proceedings, character or reputation, and the imposition of other penalties or sanctions.
Under the facts of this case, we find the appropriate sanction is a three-year suspension from the practice of law. Accordingly, respondent shall be suspended for three years, retroactive to the date of her interim suspension.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Joan S. Benge, Louisiana Bar Roll number 20490, be and she hereby is suspended from the practice of law for three years, retroactive to February 10, 2010, the date of her interim suspension. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
Retired Judge FRANK FOIL, assigned as Justice ad hoc, sitting for GUIDRY, J., recused.
JOHNSON, J., concurs.

 Retired Judge Frank Foil, assigned as Justice ad hoc, sitting for Justice Greg G. Guidry, recused.