ATTORNEY DISCIPLINARY PROCEEDING PER CURIAM |, This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Wayne E. Garrett, an. attorney licensed to practice law in Louisiana. UNDERLYING FACTS 15-DB-015 Respondent represented a client in a personal injury claim stemming from a 2006 accident, after which the client sought treatment for her injury at Natchez Rehab and Sports Specialists (“NRSS”). In June 2007, respondent sent a guarantee letter to Sherry Norman, the administrator of NRSS, in which he acknowledged that any balance remaining on the NRSS bill that was not paid by medical insurance would be paid out of the claim proceeds. The case settled in 2010. The settlement proceeds were deposited and distributed in February 2010. The amount due to the client was paid in full; however, respondent did not notify NRSS of the settlement, and the settlement distribution statement reflects that he failed to withhold funds from the proceeds for payment of the NRSS bill. In December 2010, Ms. Norman spoke with respondent to advise him of the situation, but subsequent calls from NRSS to respondent were not answered. In February 2011, a representative from NRSS sent a written request for payment to) 2 respondent via certified mail. Although the letter was successfully delivered, NRSS received no response from respondent. In March' 2011, NRSS filed a complaint against respondent with the ODC. In October 2012, respondent forwarded a $500 check to NRSS along with a letter indicating that the $505 balance would be forwarded in the next thirty days. Respondent did not pay the remaining balance until December 2014. The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.15(a) (safekeeping property of clients or third persons), 1.15(d) (failure to timely remit funds to a client or third person), and 8.4(a) (violation of the Rules of Professional Conduct). 16-DB-051 On November 26, 2014, the ODC received notice of an overdraft in respondent’s client trust account. Thereafter, the ODC’s forensic auditor performed an audit of the account for the period of June through December of 2014. According to the auditor’s report, respondent misused, commingled, and converted funds in his trust account during that time, and his records reflected procedural and accounting errors. Respondent’s trust account balance also fell below the amount necessary to honor the funds deposited. The auditor concluded that respondent failed to maintain the safety of money deposited for disbursement, did not transfer attorney’s fees as earned, and failed to properly document his records for disbursement changes to ensure that he handled the account properly. The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.15(a), 1.15(b) (a lawyer may deposit the lawyer’s own funds in a client trust account for the sole purpose of paying bank service - charges or obtaining a waiver of those charges, but only in an amount necessary for that purpose), 1.15(d), and 8.4(a). I ¡¡DISCIPLINARY PROCEEDINGS In April 2015, the ODC filed formal charges against respondent in 15-DB-015. Respondent answered the formal charges and admitted to all of the factual allegations as outlined by the ODC. In explaining his conduct, respondent stated that he believed that his client’s treatment at NRSS in 2007 was in connection with a separate and distinct personal injury action, and not the action for which he represented the client. In May 2016, the ODC filed formal charges against respondent in 16-DB-051. Respondent answered the formal charges, and generally denied any misconduct. He indicated that at the time of the overdraft, there were no client funds in the account, and thus, no client was impacted -by the overdraft. The two sets of formal charges were consolidated before proceeding to a formal hearing on the merits. Heating Committee Report After considering the testimony and evidence presented at the hearing,'the hearing committee made factual findings consistent with the underlying facts set forth above; The committee also made the following additional findings: Regarding the NRSS' matter, the evidence shows that respondent admitted that he failed to ' safeguard the funds due to NRSS under the terms of the guarantee, failed to promptly notify NRSS of the settlement of the client matter, and" failed to promptly deliver the funds to NRSS despite actual notice from NRSS of the error. Regarding the overdraft matter, the evidence shows that respondent misused, commingled, and converted funds in his trust account during the audit period, of May 31, 2014 to December 31, 2014. His trust account balance fell below the amount necessary to honor funds deposited. He committed procedural án'd accounting errors, deposited earned attorney’s fees with client money, did not transfer money|4 as earned, failed to maintain the safety of money deposited for disbursement, used money from the trust account for personal use (loan to bookkeeper and payment to mechanic), and failed to identify disbursed attorney’s fees with á particular client. Based on these findings, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges. The committee found that respondent’s actions resulted from sloppy and unorganized bookkeeping, poor law office management, and negligence. The clients suffered little or no harm and .no restitution was needed as respondent took corrective action. The committee found no aggravating factors present. In mitigation, the committee jbund the absence of a dishonest or selfish motive, a .cooperative attitude toward the proceedings, and remorse. Based on these findings, the committee recommended respondent be suspended from the practice of law for six months, fully deferred, subject to a one-yeár period of probation. The committee also recommended that respondent be assessed with the costs and expenses of this proceeding. The ODC objected to the leniency of the hearing committee’s recommended sanction. Disciplinary Board Recommendation After review, the, disciplinary board determined that the hearing committee’s findings of fact are supported by the record and are not manifestly erroneous. The board also found that the committee correctly determined respondent violated the Rules of Professional Conduct as charged. The board determined respondent violated a duty to his clients. His misuse of his trust account was negligent and caused the potential for harm. His conduct caused no harm to any client and little harm, in the form of a delay in payment, to | fiNRSS. Though the delay was significant, the amount in question was relatively -small. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the applicable baseline sanction is suspension. The board found no aggravating factors present. In mitigation, the board found the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, timely good faith effort to make restitution or to rectify the consequences of the misconduct, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and remorse. After further considering this court’s prior jurisprudence addressing similar misconduct, the board recommended respondent be suspended from the practice of law for six months, fully deferred, subject to a one-year period of probation. The board further recommended respondent be assessed with the costs and expenses of this proceeding. Neither respondent nor the QDC filed an objection to the disciplinary. board’s recommendation. DISCUSSION Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by dear and convincing evidence. In re: Banks, 09-1212 (La. 10/2/09), 18 So.3d 57. While we are not bound in any way by the. findings and recommendations of the hearing committee and disciplinary, board, we have held the manifest error standard is applicable to the -committee’s factual findings. See In re: Caulfield, 96-1401 (La. 11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La. 3/11/94), 633 So.2d 150. | nThe record of this matter supports a finding that respondent failed to timely pay a third-party provider and mishandled his client trust account,'resulting in the commingling and conversion of client funds. Based on these facts, respondent has violated the Rules of Professional Conduct as alleged in-the formal charges. Having found evidence of professional misconduct,- we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La. 1984). .Respondent violated a duty owed to his clients. His failure to maintain adequate documentation to ensure that his trust account was handled properly created the potential for significant harm, although no client has reported actual harm. NRSS did suffer actual harm caused by the significant delay in receiving the full amount of money to which it was rightfully entitled. Suspension is the baseline sanction for this misconduct. The sole aggravating factor present is respondent’s substantial experience in the practice of law (admitted 1974).[1] The record supports the mitigating factors as found by the board, except that respondent did not make a timely good faith effort to make restitution or to rectify the consequences of his misconduct in the NRSS matter. 17Under the unique facts of this case, we agree that the sanction recommended by the board is appropriate. Accordingly, we will suspend respondent from the practice of law for six months, fully deferred, subject to a one-year period of probation. DECREE Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record', it is ordered that Wayne E. Garrett, Louisiana Bar Roll number 5947, be and he hereby is suspended from the practice of law for six months. It is further ordered that this suspension shall be deferred in its entirety and that respondent shall be placed on probation for a period of one year. The probationary period shall commence from the date respondent and the ODC execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid. . Respondent also has a 2002 admonition for a conflict of interest violation. This misconduct is remote in time and is unrelated to the current misconduct.