# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #005

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **30th day of January, 2019**, are as follows:

**PER CURIAM**:

2018-B-0848     IN RE: DANIEL E. BECNEL, III

Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Daniel E. Becnel, III, Louisiana Bar Roll number 20692, be and he hereby is suspended from the practice of law for a period of one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

WEIMER, J., concurs in part and dissents in part and assigns reasons.
HUGHES, J., dissents with reasons.

SUPREME COURT OF LOUISIANA

NO. 2018-B-0848

IN RE: DANIEL E. BECNEL, III

ATTORNEY DISCIPLINARY PROCEEDING

PER CURIAM

This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Daniel E. Becnel, III, an attorney licensed to practice law in Louisiana.

**PRIOR DISCIPLINARY HISTORY**

Before we address the current charges, we find it helpful to review respondent's prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1991. In 2005, we accepted a joint petition for consent discipline in which respondent stipulated that he engaged in three instances of neglect of a legal matter, five instances of failure to communicate with a client, and two instances of failure to promptly remit funds to third parties. For this misconduct, he was suspended from the practice of law for one year and one day, fully deferred, subject to eighteen months of supervised probation with conditions, including the appointment of a probation monitor and respondent's attendance at Ethics School. *In re: Becnel*, 05-0831 (La. 4/29/05), 900 So. 2d 836 ("*Becnel I*").

In 2006, respondent accepted a representation involving post-conviction relief proceedings when he was not competent to handle the matter. After researching the issues, respondent determined his client had no non-frivolous claims to support post-conviction relief. Instead of informing his client of this determination and allowing

him to decide the future course of the representation, respondent simply failed to file post-conviction pleadings in state court. He thereafter refused to refund any portion of the $5,000 advance fee paid by his client, claiming he earned the entire amount.

Subsequently, respondent's client provided him with arguments for a habeas petition. Respondent continued to believe the arguments were frivolous. Despite his belief, respondent did not terminate the representation and instruct the client to seek other counsel; instead, he filed the habeas petition anyway. Because he believed the arguments were frivolous, respondent deliberately failed to file the required supporting memorandum, thereby failing to comply with the federal court's rules and again neglecting his client's legal matter. When the magistrate judge recommended the client's habeas petition be dismissed, respondent made no effort to file an opposition on his client's behalf.

After review, we determined that respondent's conduct was knowing, if not intentional. For his misconduct, respondent was suspended for one year, with three months deferred, followed by a one-year period of unsupervised probation, and ordered to make restitution of the unearned fee. *In re: Becnel*, 10-0884 (La. 10/19/10), 48 So. 3d 1042 ("*Becnel II*").

Finally, in 2012, we accepted a joint petition for consent discipline in which respondent stipulated that he engaged in a consensual sexual relationship with a client. For this misconduct, he was suspended from the practice of law for nine months. *In re: Becnel*, 12-2139 (La. 11/2/12), 99 So. 3d 1005 ("*Becnel III*").

Against this backdrop, we now turn to a consideration of the misconduct at issue in the instant proceeding.

**UNDERLYING FACTS**

In May 2013, respondent's client, Tammy Rowell, received a partial settlement in her workers' compensation case. Because respondent was serving his

2

suspension in *Becnel III* at this time, his wife and law partner, Kathryn Becnel, handled the distribution of the settlement funds. Ms. Becnel withheld $9,574.50 from the settlement to satisfy a Social Security lien. After subtracting sums owed to a finance company and to the law firm for attorney's fees, Ms. Becnel paid Ms. Rowell her portion of the settlement funds on June 12, 2013.

On August 2, 2013, respondent was reinstated to the practice of law. Shortly thereafter, Ms. Rowell received the final settlement in her workers' compensation case. Unaware that his wife had already withheld funds to satisfy the Social Security lien, respondent erroneously withheld another $7,659.60 for this purpose.[1] After subtracting an additional sum for expenses, respondent paid Ms. Rowell her portion of the settlement funds on August 19, 2013.

In August 2014, respondent wrote a check to himself drawn on his client trust account in the amount of $28,000. Respondent believed this sum represented attorney's fees owed to him that had not been transferred from the trust account to his operating account; however, in actuality, $9,574.50 of the withdrawal represented the funds belonging to Ms. Rowell and still held in the trust account.

In November 2014, the ODC received notice from Chase Bank that respondent's client trust account was overdrawn. The overdraft was the result of a misplaced deposit and was quickly remedied by respondent. When respondent's bank records were reviewed as part of the investigation into the overdraft, the conversion of $9,574.50 of Ms. Rowell's funds came to light. In August 2015, respondent wrote a check to Ms. Rowell in the amount of $10,339.41, representing the amount owed to her with interest.

Respondent has acknowledged that he converted Ms. Rowell's funds. He also acknowledged that he made several mathematical errors in connection with his

_____

[1] Respondent had negotiated a reduction in the amount of Ms. Rowell's Social Security lien, and the amount of $7,659.60 represented the reduced amount.

3

handling of his client trust account, and failed to transfer his attorney's fees from the account as they were earned.

## DISCIPLINARY PROCEEDINGS

In September 2016, the ODC filed formal charges against respondent, alleging that his conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.15(a) (safekeeping property of clients or third persons) and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). Respondent answered the formal charges and acknowledged that he negligently handled client funds.

*Joint Stipulations*

Prior to a hearing in the matter, respondent and the ODC filed into the record the following stipulations:

1. Respondent committed the misconduct alleged in the formal charges (a) by converting a total of $9,574.50 from his former client Tammy Rowell; (b) by making several mathematical errors in association with his handling of his trust account; and (c) by failing to promptly transfer earned attorney's fees out of his trust account.

2. Respondent's misconduct violated Rule 1.15(a) of the Rules of Professional Conduct.[2]

3. Respondent contends that he was negligent in committing the stipulated misconduct. The ODC contends that respondent's conduct was "knowing."

4. It is an aggravating factor that respondent has the following three incidents of prior discipline: *Becnel I* (2005), *Becnel II* (2010), and *Becnel III* (2012).

_____

[2] Respondent did not admit to the violation of Rule 8.4(c) alleged in the formal charges, so that issue remained for determination by the hearing committee.

4

5. It is a mitigating factor that respondent had no dishonest or selfish motive in committing the misconduct alleged in the formal charges.

6. It is a mitigating factor that respondent made full and free disclosure to the ODC and has demonstrated a cooperative attitude toward these disciplinary proceedings.

7. It is a mitigating factor that respondent made timely and good faith efforts to rectify the consequences of his misconduct (a) by paying his client the proceeds of her settlement promptly after he learned of his accounting error, and (b) by hiring CPA Angela Willis to regularly audit his trust account.

8. It is a mitigating factor that respondent has exhibited sincere remorse for his misconduct.

9. It is a mitigating factor that one of the three incidents of prior discipline, *Becnel I* (2005), was remote in time.[3]

*Hearing Committee Report*

In its report, the hearing committee determined that the only factual issue before it was whether respondent's conduct was negligent or knowing. In resolving this question, the committee cited respondent's testimony that he mistakenly withheld funds from Ms. Rowell's second settlement to satisfy the Social Security lien because he was unaware that his wife had already withheld funds for the same purpose. The committee found there was no evidence presented by the ODC that respondent actually knew he had Ms. Rowell's funds in his client trust account for an extended period of time. The committee also noted the testimony of the ODC's forensic accountant that respondent was guilty of "sloppiness" in handling his trust account. Based upon these findings, and the testimony, exhibits, and joint

---

[3] Although not included in the stipulations, the parties also agreed that the applicable baseline sanction in this matter is a one year and one day suspension from the practice of law.

5

stipulations of the parties, the committee concluded that respondent's conduct was negligent and did not rise to the level of knowing or intentional.

The committee determined that respondent violated a duty to his client. As previously stated, his conduct was negligent. He caused injury to his client. As a result of respondent's mishandling of Ms. Rowell's settlement, she was deprived of a portion of her settlement funds for approximately two years. However, the committee pointed out that Ms. Rowell actually received some $2,000 in additional money because respondent had negotiated a reduction in the Social Security lien from $9,574.50 to $7,659.60. The parties agree that the applicable baseline sanction is a one year and one day suspension. The aggravating and mitigating factors have been stipulated to by the parties.

Concerning the issue of an appropriate sanction, the committee recognized that there are more mitigating factors present in this matter than aggravating factors. The committee particularly noted respondent's remorse and the fact that he has hired a CPA to eliminate the type of error that occurred herein. However, despite the fact that there are relatively few aggravating factors, the committee gave significant weight to the fact that this is respondent's fourth disciplinary proceeding. Accordingly, the committee recommended that respondent be suspended from the practice of law for one year and one day, with all but sixty days deferred, followed by a one-year period of probation governed by the following conditions:

a) Regular audits of respondent's trust account during the period of probation shall be performed by a CPA of respondent's choosing, subject to the approval of the ODC, to be submitted quarterly to the ODC, with the cost and expenses of the audits paid by respondent;

b) At least six hours of respondent's mandatory continuing legal education requirements during the probationary period shall be obtained in the area of law office practice management/client trust account management; and

c) Respondent shall successfully complete the Louisiana State Bar Association's Trust Accounting Program during the probationary period.

6

Both respondent and the ODC objected to the hearing committee's report. Respondent asserted that the sanction recommended by the committee is too harsh. The ODC objected to the committee's conclusion that respondent's conduct was negligent and its failure to address the violation of Rule 8.4(c) alleged in the formal charges. The ODC also argued that the sanction recommended by the committee is too lenient.

*Disciplinary Board Recommendation*

After reviewing this matter, the disciplinary board determined that the hearing committee's factual findings are not manifestly erroneous, and that the committee correctly found respondent violated Rule 1.15(a), as stipulated. Though it did not specifically reject a Rule 8.4(c) violation, the committee apparently declined to find a violation of that rule, which applies to misconduct involving dishonesty, fraud, deceit, or misrepresentation. In describing respondent's misconduct, the committee used terms such as "unaware," "mistakenly," and "sloppiness," suggesting it did not find respondent's conduct to be dishonest or that he intended to misrepresent anything to his client. Indeed, the parties stipulated as a mitigating factor that respondent had no dishonest or selfish motive. Based upon the committee's factual findings, the board declined to find a violation of Rule 8.4(c).

The board determined that respondent violated a duty owed to his client. He acted negligently and caused harm to his client, inasmuch as she was deprived of funds to which she was rightfully entitled for two years.

Turning to the issue of an appropriate sanction, the board noted that in cases involving trust account mismanagement with little or no actual harm, this court has often imposed fully deferred suspensions. In *In re: Alex*, 16-1020 (La. 11/15/16), 205 So. 3d 895, an attorney misused and mishandled her client trust account by making inappropriate payments, failing to disburse attorney's fees as earned, making

7

numerous accounting and procedural errors regarding settlement documents, and failing to maintain proper documentation. Similar to the instant case, the single Rule violated was Rule 1.15(a). This court commented that it had imposed fully deferred suspensions in similar trust account mismanagement cases, but in the case of Ms. Alex, it found a fully-deferred suspension was inappropriate due to her prior discipline for similar misconduct. The court imposed a one year and one day suspension, with all but thirty days deferred, followed by a two-year period of probation subject to conditions similar to those recommended by the committee in this matter.

The board noted that although the instant case has many similarities to *Alex*, two distinctions can be made. First, respondent has not previously been disciplined for trust account violations, making this aggravating factor somewhat less egregious here than in the case of Ms. Alex. Respondent has, however, been disciplined on three prior occasions. Second, unlike Ms. Alex, respondent's conduct led to some measure of client harm. Although respondent made his client whole by promptly making payment to her, with interest, the client was nonetheless deprived of the use of her funds for two years. Finding these two distinctions merit the imposition of an actual suspension, the board adopted the two-month period of actual suspension recommended by the hearing committee, along with probation and the recommended conditions.

Based on this reasoning, the board recommended respondent be suspended from the practice of law for one year and one day, with all but sixty days deferred, followed by a one-year period of probation governed by the conditions recommended by the committee. The board also recommended that respondent be assessed with the costs and expenses of the proceeding.

The ODC filed an objection to the disciplinary board's recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).

**DISCUSSION**

Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. *In re: Banks*, 09-1212 (La. 10/2/09), 18 So. 3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. *See In re: Caulfield*, 96-1401 (La. 11/25/96), 683 So. 2d 714; *In re: Pardue*, 93-2865 (La. 3/11/94), 633 So. 2d 150.

Respondent stipulated that he did not disburse $9,574.50 to his client, made several mathematical errors in handling his trust account, and failed to promptly transfer earned attorney's fees out of his trust account. This misconduct amounts to a violation of the Rules of Professional Conduct as found by the disciplinary board.

Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. *Louisiana State Bar Ass'n v. Reis*, 513 So. 2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. *Louisiana State Bar Ass'n v. Whittington*, 459 So. 2d 520 (La. 1984).

9

The hearing committee and disciplinary board have recommended respondent be suspended for a period of one year and one day, with all but sixty days deferred. We acknowledge that such a sanction finds some support in our prior jurisprudence involving negligent mishandling of a client trust account.

However, the case at bar differs from a typical negligent mishandling case because respondent has already been disciplined **twice** by this court for mishandling client funds. Each time, we imposed relatively lenient sanctions (a fully-deferred suspension in *Becnel I*, and a one-year suspension with three months deferred in *Becnel II*), in the expectation that respondent would make positive and responsible changes in his law practice, including the way he handled client and third-party funds. Rather than accepting these opportunities to correct his accounting practices, respondent instead continued the same slipshod methods.

Respondent's actions created both actual and potential harm. The deprivation lasted for two years and may have lasted longer if not discovered during the ODC's investigation of an overdraft. It appears likely, if not certain, that respondent's careless accounting practices could have eventually led to a situation where the client or third-party funds might be unavailable and respondent would be unable to make restitution. Considering these factors against the backdrop of respondent's prior disciplinary history, we must conclude the conduct in the instant case warrants more significant discipline than a typical case arising from negligent mishandling of a trust account.

In mitigation, we acknowledge respondent's lack of a dishonest motive, his prompt efforts at restitution, cooperation, and remorse. We also believe the record demonstrates he has taken measures, albeit belatedly, to improve his accounting practices.

Considering these factors, we will suspend respondent from the practice of law for a period of one year and one day. We further caution respondent that any

future mishandling or mismanagement of his trust account will be viewed by this court in a very harsh light.

**DECREE**

Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Daniel E. Becnel, III, Louisiana Bar Roll number 20692, be and he hereby is suspended from the practice of law for a period of one year and one day. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

01/30/19

# SUPREME COURT OF LOUISIANA

## NO. 18-B-0848

## IN RE: DANIEL E. BECNEL, III

*ATTORNEY DISCIPLINARY PROCEEDINGS*

**WEIMER, J.**, concurring in part and dissenting in part.

In the instant case, the record supports the hearing committee's determination that respondent's misconduct was largely the product of "sloppiness" and miscalculations of which the respondent was "unaware." The hearing committee concluded his conduct was negligent, there was no dishonest or selfish motive, he demonstrated a cooperative attitude to the disciplinary proceedings, a good faith effort to rectify his mistake, and sincere remorse. The disciplinary board agreed with these findings and noted the client was made whole when repaid with interest. However, I find the number of times respondent has been sanctioned for misconduct to be troubling. Despite respondent's lack of a selfish motive and the fact he apparently represented his client's interests well–including negotiating a reduction of a social security lien on the client's settlement–respondent's inattention to the details of handling the funds owed to the client are now part of a lineage of professional misconduct. Therefore, the present misconduct merits a more serious sanction than otherwise would be imposed.

In light of the factual determinations of the hearing committee and the concurrence in those findings by the disciplinary board, I would order a suspension of one year and one day, with all but six months deferred, followed by a period of probations with conditions. In other respects, I concur with the majority's opinion.

01/30/19

SUPREME COURT OF LOUISIANA

No. 2018-B-0848

IN RE:  DANIEL E. BECNEL, III

ATTORNEY DISCIPLINARY PROCEEDING

**Hughes, J., dissents.**

I respectfully dissent from the suspension of one year and one day imposed

and would order a suspension of one year.

1