2016-1757 (La. 11/18/16)

**IN RE: Joseph Christopher MICIOTTO**

**NO. 2016–B–1757**

Supreme Court of Louisiana.

11/18/2016

## ATTORNEY DISCIPLINARY PROCEEDING

### PER CURIAM

This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Joseph Christopher Miciotto, an attorney licensed to practice law in Louisiana.

### UNDERLYING FACTS

By way of background, respondent was a partner in the law firm of Hamauei and Miciotto. Respondent's partner, Thomas Hamauei, maintained a client trust account at Citizens Bank in Shreveport. In December 2006, respondent made three separate withdrawals of funds from the account, totaling $12,900, as follows:

1. An $8,000 withdrawal, made payable to cash, on December 20, 2006. These funds represented funds due to third-party medical providers for personal

injury client Mark Miller. The checks had already been issued to the medical providers when respondent withdrew the funds; however, the checks were honored by Mr. Hamauei's bank. :

2. A $1,900 withdrawal, made payable to client Sterling Randle, on December 21, 2006. The funds were listed as an advance on Mr. Randle's workers' compensation claim. Respondent had Mr. Randle cash the check, gave Mr. Randle $400 of the cash, and kept the rest for himself.

3. A $3,000 withdrawal, made payable to cash, on December 27, 2006. Respondent made these withdrawals to obtain cash so he could gamble at a Shreveport casino. The conversion resulted in a $9,300 overdraft of the client trust account on December 29, 2006.

In early January 2007, respondent consulted with a gambling addiction therapist, Dr. Kent Dean. On the advice of Dr. Dean and a local representative of the Judges and Lawyers Assistance Program ("JLAP"), respondent contacted JLAP and was referred to CORE, a gambling addiction program. Thereafter, respondent self-reported his misconduct to the ODC. By January 11, 2007, the converted funds were restored to the client trust account by Mr. Hamauei. The following day, Mr. Hamauei was reimbursed by respondent's father and respondent was admitted to the CORE program. Respondent was diagnosed with "Pathological Gambling D/O" and successfully completed the CORE program after thirty-six days of inpatient treatment.

## DISCIPLINARY PROCEEDINGS

In April 2014, the ODC filed formal charges against respondent alleging that his conduct violated Rule 1.15 (safekeeping property of clients or third persons) of the Rules of Professional Conduct. The matter then proceeded to a formal hearing conducted by the hearing committee on February 4, 2016.

### Hearing Committee Report

After the formal hearing, the hearing committee made factual findings consistent with the underlying facts set forth above. Based on those facts, the committee determined respondent violated Rule 1.15 of the Rules of Professional Conduct. Additionally, the committee found the following:

1. Respondent's actions, which occurred more than nine years ago, were caused solely by his addiction to gambling. He immediately sought and successfully completed treatment with the CORE program. He also voluntarily excluded himself from all gambling establishments in Louisiana by placing himself on the Louisiana gambling exclusion lists in 2007.

2. On January 8, 2007, respondent self-reported his violations of the Rules of Professional Conduct in a telephone call to the ODC. He followed up with a self-reporting letter, which was faxed and mailed to the ODC on January 11, 2007.

3. Respondent fully complied with the ODC's recommendations and has fully disclosed and cooperated with the ODC in this investigation and all proceedings.

4. The funds withdrawn by respondent were quickly replaced prior to any client(s) sustaining any actual harm.

5. No disciplinary complaints were filed by any of respondent's clients as a result of his actions.

6. No civil or criminal action was ever brought against respondent for his actions.

7. No criminal investigation was ever conducted by any law enforcement

agency concerning respondent's actions.

8. Respondent does not have any prior or subsequent attorney discipline.

9. Respondent voluntarily left the practice of law in August 2007 and obtained his state teaching license. Between 2007 and 2014, respondent was a very successful Caddo Parish School District teacher, earning Teacher of the Year honors at Fair Park High School in 2013. He was also a finalist for school district Teacher of the Year.

10. In June 2014, respondent had an opportunity to return to the legal profession, working for his current employer, attorney J. Allen Cooper, Jr., who has known respondent for the past eighteen years. Prior to returning to the practice of law, respondent informed the ODC of his intentions and was informed there were no restrictions on his ability to practice pending the outcome of these proceedings.

11. Mr. Cooper testified that respondent has been an outstanding employee since his return to the legal profession in June 2014. Mr. Cooper has no reservations about respondent's abilities as a lawyer or his desire to follow the disciplinary rules. Mr. Cooper and respondent intend to have a long-term employer-employee relationship.

12. Respondent married Linda Christine Miciotto in 2012. She testified that they have been together since 2010 and that their relationship is a strong and loving one. Mrs. Miciotto has two adult children and two grandchildren, and respondent has a fifteen-year-old daughter. Mrs. Miciotto does not know of any instances where respondent has participated in gambling activities since the actions that led to this proceeding. Mrs. Miciotto further testified that she has attended multiple Gamblers Anonymous meetings with respondent and that he is still active in recovery.

13. At the time respondent engaged in the conduct that is the subject of this proceeding, he was enduring emotional issues and problems in his first marriage. At one point, he contemplated suicide.

Under these circumstances, the committee recommended respondent be suspended from the practice of law for one year and one day, fully deferred, subject to the conditions that he (1) maintain ongoing treatment for his gambling addiction for two years and (2) work under the supervision of Mr. Cooper for one year.

Neither respondent nor the ODC filed an objection to the committee's report or recommendation.

*Disciplinary Board Recommendation*

After reviewing this matter, the disciplinary board determined that the hearing committee's factual findings are not manifestly erroneous. The board further determined the committee correctly found that respondent violated Rule 1.15 of the Rules of Professional Conduct.

The board then determined respondent knowingly and intentionally violated duties owed to his clients and to third-party medical providers. Nevertheless, the actual harm was minimal as the funds were quickly replaced in the trust account, and no client or third-party medical provider was harmed. After considering the ABA's *Standards for Imposing Lawyer Sanctions*, the board determined the applicable baseline sanction is suspension.

In aggravation, the board found a dishonest or selfish motive and multiple offenses. In mitigation, the board found the absence of a prior disciplinary record, per-

sonal or emotional problems, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and remorse.

After also considering this court's prior jurisprudence addressing similar misconduct, the board recommended respondent be suspended from the practice of law for one year and one day, fully deferred, subject to a two-year period of probation with the conditions that he (1) maintain ongoing treatment for his gambling addiction for two years and (2) work under the supervision of Mr. Cooper for one year.

Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.

## DISCUSSION

Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. *In re: Banks*, 09–1212 (La. 10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. *See In re: Caulfield*, 96–1401 (La. 11/25/96), 683 So.2d 714; *In re: Pardue*, 93–2865 (La. 3/11/94), 633 So.2d 150.

In this matter, respondent violated Rule 1.15 of the Rules of Professional Conduct when he converted client funds, which he then used to gamble at a casino. Although respondent acted knowingly and intentionally, no actual harm occurred because the converted funds were quickly replaced. Nevertheless, respondent's dishonest and selfish motive caused the potential for serious harm.

Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. *Louisiana State Bar Ass'n v. Reis*, 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. *Louisiana State Bar Ass'n v. Whittington*, 459 So.2d 520 (La. 1984).

The record supports the aggravating and mitigating factors found by the disciplinary board. Additionally, the mitigating factor of timely good faith efforts to make restitution or to rectify the consequences of the misconduct is present. During his hearing testimony, respondent indicated he repaid his father for the funds his father gave Mr. Hamauei; therefore, even that harm has been rectified. The record also reflects respondent voluntarily left the practice of law between 2007 and 2014. The ODC was aware of respondent's intention to not practice law during this time and, arguably, chose to stay the disciplinary proceedings instead of moving them along in a timely manner. As soon as respondent informed the ODC he wanted to return to the practice of law working for Mr. Cooper, the ODC filed formal charges against him. As such, the delay in the disciplinary proceedings should also be taken into account as a mitigating factor. Finally, respondent indicated he has been active in Gamblers Anonymous since leaving the CORE program, and his wife indicated he usually attends a Gamblers Anonymous meeting once a week.

A review of this court's prior jurisprudence indicates the board's recommended sanction is not unreasonable. In *In re: Levith*, 04–0827 (La. 10/19/04), 884 So.2d 1197, an attorney commingled his funds with client funds in his trust account and converted client and third-party funds on eight occasions, totaling $5,571.67, when a casino debited his trust account directly, rather than sending him a bill as it had done in the past. For this misconduct, we suspended the attorney from the practice of law for one year and one day, with all but thirty days deferred, followed by a one-year period of supervised probation with conditions.

In light of the numerous mitigating factors present, and particularly considering the board's proposed conditions of probation, we will adopt the board's recommendation and suspend respondent from the practice of law for one year and one day. We will further defer the suspension in its entirety, subject to the two-year period of probation and conditions proposed by the board.

### DECREE

Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Joseph Christopher Miciotto, Louisiana Bar Roll number 26087, be and he hereby is suspended from the practice of law for a period of one year and one day. It is further ordered that this suspension shall be deferred in its entirety and respondent shall be placed on probation for a period of two years, subject to the following conditions: (1) respondent shall maintain ongoing treatment for his gambling addiction for two years; and (2) he shall work under the supervision of attorney J. Allen Cooper, Jr. for one year. Any violation of these conditions or any other misconduct during the probationary period may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.