PER CURIAM
*1018 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Linda Louise Stadler, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
In December 2002, respondent was arrested in Slidell, Louisiana and charged with driving while intoxicated ("DWI") and improper lane usage. In August 2003, she pleaded guilty to both charges and was placed on a one-year period of supervised probation with conditions. Respondent completed all conditions of her probation, and her probation was terminated on February 13, 2004. This matter was later expunged from respondent's record.
Twelve years later, in August 2014, respondent was again arrested in Slidell and charged with DWI. Two weeks later, she pleaded guilty as charged and was placed on a two-year period of supervised probation with conditions, including completion of a substance abuse program. Respondent completed all conditions of her probation, and her probation was terminated on November 16, 2015.
Following the 2014 incident, respondent contacted the Judges and Lawyers Assistance Program ("JLAP") for assistance. On January 21, 2015, respondent underwent a psychological evaluation conducted by Jamie Landry, Ph.D. Dr. Landry diagnosed respondent with mild alcohol use disorder, in early remission, and recommended six weekly individual therapy sessions addressing substance use and abuse. Respondent successfully completed the sessions. On December 10, 2015, JLAP informed the ODC that it had no further recommendations for respondent. JLAP did not require or recommend that respondent enter into a recovery agreement or that she be subject to supervision or screening of any kind.
DISCIPLINARY PROCEEDINGS
In March 2016, the ODC filed formal charges against respondent, alleging that her conduct, as set forth above, violated Rules 8.4(a) (violation of the Rules of Professional Conduct) and 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer) of the Rules of Professional Conduct. In her answer, respondent admitted to "all material facts alleged in the formal charges." She also admitted to violating the Rules of Professional Conduct as charged and requested a hearing in mitigation.
Hearing Committee Report
Following the mitigation hearing, the hearing committee reviewed the evidence and testimony, noting that respondent called three character witnesses to testify. In addition to the three character witnesses, respondent, her therapist, and JLAP's executive director also testified. The committee indicated respondent testified that, after her 2002 arrest, she did not consume alcohol until the day of her 2014 arrest. She has not consumed any alcohol since her 2014 arrest and described herself as a non-drinker. The committee then indicated respondent's therapist, Chastity Young, testified that respondent is not experiencing an active substance abuse problem. Instead, Ms. Young described respondent as a binge drinker, one who over-indulges once she starts drinking. She also did not think it was likely respondent would relapse. Finally, the committee indicated Buddy Stockwell, JLAP's executive director, testified that respondent called him soon after the 2014 arrest, seeking help. He described her as conscientious, concerned, open, and honest about the events leading to her arrest, and he felt *1019 she was "crushed" by her conduct. Mr. Stockwell also testified that he had no concerns about respondent's fitness to practice law and that she no longer needed the assistance of JLAP.
Based on this testimony and the other evidence presented at the hearing, the committee found respondent does not have an ongoing alcohol problem that needs treatment. The committee also found that respondent is not dishonest and has made a good faith effort to rectify her conduct. The committee further noted that respondent was cooperative with the ODC and JLAP, has good character and a good reputation, and has exhibited remorse. Finally, the committee found that respondent understands her conduct reflects negatively on the legal profession.
Although the committee did not specifically find any rule violations, the committee did determine that respondent violated duties owed to the public and the legal profession. The committee also determined respondent acted knowingly and intentionally in driving while intoxicated and caused actual harm to the legal profession. After considering the ABA's Standards for Imposing Lawyer Sanctions , the committee determined the baseline sanction is suspension. The committee then found the following mitigating factors present: the absence of a prior disciplinary record, timely good faith effort to rectify the consequences of the misconduct, a cooperative attitude toward the proceedings, remorse, and full cooperation and compliance with JLAP.
After further considering this court's prior jurisprudence addressing similar misconduct, and emphasizing the fact that respondent has not been found to be an alcoholic in need of a JLAP recovery agreement, the committee recommended she be suspended from the practice of law for twelve months, fully deferred.
Neither respondent nor the ODC filed an objection to the hearing committee's report.
Disciplinary Board Recommendation
After review, the disciplinary board determined that the hearing committee's factual findings do not appear to be manifestly erroneous and are supported by the record. The board then noted that the committee did not expressly find any rule violations but also noted that respondent admitted to all facts and rule violations alleged. Because there was no dispute that respondent twice pleaded guilty to DWI, the board determined respondent violated Rules 8.4(a) and 8.4(b) of the Rules of Professional Conduct as charged.
The board then determined respondent knowingly and intentionally violated duties owed to the public and the legal profession, causing potential harm to the public and actual harm to the legal profession. After considering the ABA's Standards for Imposing Lawyer Sanctions , the board determined the baseline sanction is suspension.
In aggravation, the board found substantial experience in the practice of law (admitted 1996) and illegal conduct, including that involving the use of controlled substances. In mitigation, the board found the following: the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, character or reputation, imposition of other penalties or sanctions, and remorse. Additionally, in mitigation, the board noted that respondent fully cooperated with JLAP.
After further considering this court's prior jurisprudence addressing similar misconduct, and emphasizing the mitigating factors present, the board recommended respondent be suspended from the practice of law for six months, fully deferred, *1020 subject to two years of probation. One board member dissented and would recommend the formal charges be dismissed.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5 (B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks , 09-1212 (La. 10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. See In re: Caulfield , 96-1401 (La. 11/25/96), 683 So.2d 714 ; In re: Pardue , 93-2865 (La. 3/11/94), 633 So.2d 150.
The record of this matter supports a finding that respondent twice pleaded guilty to DWI. This misconduct amounts to a violation of Rules 8.4(a) and 8.4(b) of the Rules of Professional Conduct, as admitted by respondent.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis , 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington , 459 So.2d 520 (La. 1984).
Respondent violated duties owed to the public and the legal profession. Her conduct was knowing and intentional and caused potential harm to the public and actual harm to the legal profession. The baseline sanction for this type of misconduct is suspension. The record supports the aggravating and mitigating factors found by the disciplinary board.
A JLAP-approved evaluator diagnosed respondent with mild alcohol use disorder, in early remission, and recommended six weekly individual therapy sessions addressing substance use and abuse, which she successfully completed. JLAP, believing respondent no longer needed its assistance, did not require or recommend that she enter into a recovery agreement or that she be subject to supervision or screening of any kind. The record supports a finding that respondent sought treatment for her mild alcohol abuse and has demonstrated a meaningful period of recovery. By all accounts, respondent's recovery has made a recurrence of her misconduct unlikely.
This court's prior jurisprudence addressing attorneys in similar circumstances indicates that a fully deferred suspension, subject to a period of probation, is the appropriate sanction here. Accordingly, we will adopt the board's recommendation and suspend respondent from the practice of law for six months, fully deferred, subject to two years of probation.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Linda Louise Stadler, Louisiana Bar Roll number 24654, be and she hereby is suspended from the practice of law for a period of six *1021 months. It is further ordered that this suspension shall be deferred in its entirety and that respondent shall be placed on probation for a period of two years. The probationary period shall commence from the date respondent and the ODC execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.